131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lowell E. JACKSON, Jr., Defendant-Appellant.
 No. 96-30221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-92-00159-HJF; Helen J. Frye, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Lowell E. Jackson, Jr., appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion challenging the sentence imposed following his guilty plea to one count of distributing cocaine base. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 The district court properly denied Jackson's second section 2255 motion as an abuse of the writ because all of the facts relating to Jackson's ineffective assistance of counsel claims raised in his second section 2255 motion were known to Jackson prior to the time he filed his first section 2255 motion. See McCleskey v. Zant, 499 U.S. 467, 489 (1991).
 
 
 4
 Jackson's request to recall this court's mandate is denied because Amendment 487 to U.S.S.G. § 2D1.1(c), which states that "cocaine base" means "crack," does not constitute an exceptional case warranting a recall of the mandate to reconsider the rejection of his argument that the government failed to prove that he distributed cocaine base rather than cocaine powder. See Zipfel v. Halliburton Co., 881 F.2d 565, 567 (9th Cir.1988).
 
 
 5
 Jackson contends that he should be resentenced because Amendment 487 to U.S.S.G. § 2D1.1(c) applies retroactively. We do not address this issue because Jackson failed to present it to the district court. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994). We also do not consider Jackson's sentencing entrapment contention because he failed to present it to the district court and raised it for the first time in his reply brief. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3